FILED
2018 Aug-27  PM 04:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | | |
|---|---|---|
| Linda Tompkins, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. |
| GC Services Limited Partnership, a Delaware limited partnership, | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Linda Tompkins, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

## PARTIES

3. Plaintiff, Linda Tompkins ("Tompkins"), is a citizen of the State of Alabama, residing in the Northern District of Alabama, from whom Defendant attempted to collect a defaulted consumer debt, which she allegedly owed to Sprint.

4. Defendant, GC Services Limited Partnership ("GC Services"), is a Delaware limited partnership, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt

to collect, defaulted consumer debts.  Defendant GC Services operates a nationwide defaulted debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Alabama.  In fact, Defendant GC Services was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant GC Services is authorized to conduct business in the State of Alabama and maintains a registered agent here, see, record from the Alabama Secretary of State, attached as Exhibit A.  In fact, Defendant GC Services conducts business in Alabama.

## FACTUAL ALLEGATIONS

6. On June 11, 2018, Ms. Tompkins filed a Chapter 7 bankruptcy petition in a matter styled In re: Tompkins, N.D. AL. Bankr. No. 18-81715-CRJ7.  Among the debts listed on Ms. Tompkins' Schedule F was a debt that she allegedly owed to Sprint, see, Schedule F attached as Exhibit B.

7. Accordingly, on June 12, 2018, Sprint was sent, via electronic transmission, notice of the bankruptcy by the court, see, the Certificate of Service to the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines, which is attached as Exhibit C.

8. Moreover, Plaintiff's bankruptcy is a matter of public record, is on her credit reports, is in the files of the creditor, and is readily discoverable by any competent debt collector via one of the bankruptcy "scrub" services.

9. Nonetheless, Defendant sent Ms. Tompkins a collection letter, dated July 27, 2018, demanding payment of the Sprint debt she allegedly owed prior to the bankruptcy. A copy of this collection letter is attached as Exhibit D.

10. Defendant's violations of the FDCPA were material because, Defendant's continued collection communications after she had filed for bankruptcy made Plaintiff believe that her exercise of her rights through filing bankruptcy may have been futile and that she did not have the rights Congress had granted her under the Bankruptcy Code.

11. All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

12. Defendant's collection communications are to be interpreted under the "least sophisticated consumer" standard, see, Jeter v. Credit Bureau, 760 F.2d 1168, 1176 (11th Cir. 1985); LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1193-1194 (11th Cir. 2010).

**COUNT I**
**Violation Of § 1692e Of The FDCPA --**
**Demanding Payment Of A Debt That Is Not Owed**

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

15.     Demanding payment of a debt that is no longer owed despite her bankruptcy, is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA, <u>see</u>, <u>Randolph v. IMBS, Inc.</u>, 368 F3d 726, 728-730 (7th Cir. 2004).

16.     Defendant's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, <u>see</u>, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Communications And Cease Collections

17.     Plaintiff adopts and realleges ¶¶ 1-12.

18.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, <u>see</u>, 15 U.S.C. § 1692c(c).

19.     Here, the bankruptcy provided notice to cease communications and cease collections.  By communicating regarding this debt and demanding payment, despite her bankruptcy, Defendant violated § 1692c(c) of the FDCPA.

20.     Defendant's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, <u>see</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Linda Tompkins, prays that this Court:

1.     Find that Defendant's form collection letter violates the FDCPA;

    2.      Enter judgment in favor of Plaintiff Tompkins, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

    3.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Linda Tompkins, demands trial by jury.

                    Linda Tompkins,

                    By: /s/ David J. Philipps_____
                    One of Plaintiff's Attorneys

                    By: /s/ Ronald C. Sykstus_____
                    One of Plaintiff's Attorneys

Dated: August 27, 2018

David J. Philipps    (Ill. Bar No. 06196285)(pro hac vice pending)
Mary E. Philipps    (Ill. Bar No. 06197113)(pro hac vice pending)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Ronald C. Sykstus   (AL Bar No. ASB-7064-K73R)
Bond, Botes, Sykstus, Tanner
       & Ezzell, P.C.
225 Pratt Avenue
Huntsville, Alabama 35801
(256) 539-9899
(256) 713-0237 (FAX)
Rsykstus@bondnbotes.com